FILED
03/20/2025
Sara Smith
CLERK
Flathead County District Court
STATE OF MONTANA
By: Hope Unger
DV-15-2025-0000463-BF
Sullivan, Paul
1.00

Alex K. Evans
Wayne E. Olson
GLACIER LAW FIRM, PLLC
165 Commons Loop Ste 3
Kalispell, MT 59901
Telephone: (406) 552-4343
*Attorneys for Plaintiff*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| **JEANNE KARLSTAD, individually and as guardian and parent of P.K., a protected minor,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and JOHN DOES 1-4,**<br><br>Defendant. | **Cause No. _____**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW,** Plaintiff Jeanne Karlstad, and hereby complains and alleges as follows:

1. Jurisdiction for this cause lies in within the State of Montana, in that the collision and injuries that are the subject of this Complaint occurred within the State of Montana.

2. This cause arises from breach of contract for damages, arising from a bodily injury, which occurred on or about December 17, 2019.

3. Venue is proper in the above Court in that the collision out of which this claim arose occurred in or near Kalispell, in Flathead County, Montana.

4. At all material times herein, Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") sold insurance policies and collected premiums for those policies doing business in the state of Montana and subject to the laws of Montana.

## COUNT I

## **BREACH OF CONTRACT**

### (as to Defendant State Farm Mutual Automobile and John Does)

5. Plaintiff re-alleges the allegations contained in paragraphs 1 through 4.

6. Defendant State Farm had a duty to make payments upon a reasonable investigation with all available information.

7. Defendant State Farm had a duty to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed.

8. Defendant State Farm has been provided with the Police Report.

9. Plaintiffs provided Defendant State Farm with medical records, medical bills, proof of lost wages, proof of loss profits and proof of loss of income as to the nature and severity of Plaintiffs' injuries.

10. Plaintiff requested that Defendant State Farm make payment to Plaintiffs under their underinsured insurance coverage for damages that they sustained.

11. Plaintiff provided proof to Defendant State Farm that the at-fault driver's liability limits were exceeded.

12. Defendant State Farm's UIM agreement provides that they will pay compensatory damages to its injured insureds.

13. Defendant State Farm failed to make payments to Plaintiffs for their damages under the policy in a timely fashion.

14. Defendant State Farm is aware that Plaintiffs' injuries and damages exceed the at fault's policy limits.

15. Defendant State Farm consented to Plaintiffs accepting the policy limits of another insurance carrier in this wreck.

16. Defendant State Farm failed to make payments to Plaintiffs for their damages under the policy in a timely fashion.

17. Defendant State Farm has refused to make payment of damages that the Plaintiffs are legally entitled to collect.

18. Defendant State Farm's actions and its refusal to make payment have damaged the Plaintiffs.

## COUNT II
## COMMON LAW BAD FAITH
### (as to Defendant State Farm Mutual Automobile and John Does)

19. Plaintiff re-alleges the allegations contained in paragraphs 1 through 18.

20. Plaintiff sent Defendant numerous letters and correspondence asking Defendant to pay the claim.

21. Defendant had a duty to pay Plaintiff's damages related to the motor vehicle crash.

22. Defendant repeatedly refused to pay Plaintiff's claim.

23. Defendant rejected Plaintiff's claim for payment.

24. Defendant's rejection of Plaintiff's claim was unreasonable.

25. Defendant violated its fiduciary duty to Plaintiff when it unreasonably rejected Plaintiff's claim.

26. Defendant's rejection caused injury to Plaintiff.

27. Defendant's rejection of Plaintiff's claim was in bad faith.

## COUNT III
## UNFAIR CLAIM SETTLEMENT PRACTICES, BREACH
## OF FIDCUCIARY DUTIES, AND BAD FAITH
### (as to Defendant State Farm Mutual Automobile and John Does)

28. Plaintiff hereby re-alleges the allegations set forth in counts 1 through 27.

29. Defendant State Farm owed a duty not to misrepresent the facts pertinent to Plaintiff's UIM policy coverage.

30. Defendant State Farm owed a duty to effectuate prompt and fair settlements once liability became reasonably clear.

31. Defendant State Farm neglected to attempt in good faith to effectuate prompt, fair, and equitable settlement of Plaintiff's claim in this case where liability has become reasonably clear.

32. Defendant State Farm violated its duties to Plaintiff by failing to effectuate prompt and fair settlements once liability became reasonably clear.

33. Defendant State Farm has not provided a written refusal or explanation for its refusal to pay policy limits after Plaintiffs provided additional proof.

34. Defendant State Farm has made it a pattern of its practices and behavior in handling and adjusting the claim of its insured Plaintiffs to violate § 33-18-201, MCA; § 33-18-242, MCA; and its common law duties of good faith and fair dealing and fiduciary duties with its insured, by continuing to deny payments when proof of damages has been well established and properly submitted not consistent with its fiduciary duties to its insured and §§ 33-18-201 and 242,MCA, and in violation of the reasonable expectations of the insured and the Defendant's own advertising representations and promises.

35. Plaintiff has been injured by Defendant State Farm's improper actions.

36. Defendant State Farm's actions constitute fraud and/or malice, and it should be required to pay exemplary damages in accordance with § 27-1-221, MCA.

37. Plaintiff hereby re-alleges the allegations set forth in counts 1 through 36, and also alleges alternatively that individuals or entities denoted as John Does 1 – 4 owed a duty to the Plaintiff. Plaintiff is uncertain as to the identity of any others involved in the maintenance

of the property where the injuries occurred, and upon further discovery will amend his complaint as appropriate.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as follows:

1. For all general and compensatory damages proved and awarded by the jury or court;

2. For all special damages proved and awarded by the jury or court;

3. For treble damages;

4. For all other damages allowed by law and awarded by the jury;

5. For Plaintiff's costs and disbursements in this action; and

6. For such other and further relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

1. Plaintiff hereby demands a jury trial on all claims triable by right.

Dated this 20th day of March 2025.

>                                         GLACIER LAW FIRM, PLLC
>
>                                         /s/ *Alex K. Evans*
>                                         _____
>                                         Alex K. Evans
>                                         Wayne Olson
>                                         GLACIER LAW FIRM, PLLC
>                                         165 Commons Loop, Suite 3
>                                         Kalispell, MT 59901
>                                         *Attorneys for Plaintiff*